413 P.2d 792

Tyler D. GOODMAN and Joyce F. Goodman, husband and wife, and John M. Tollefson and Marjorie H. Tollefson, husband and wife, Appellants,

v.

NEWZONA INVESTMENT CO., Inc., an Arizona corporation, and Northern Arizona Title Co., an Arizona corporation, Appellees.

1 CA–CIV 194.

Court of Appeals of Arizona.

April 29, 1966.

Rehearing Denied May 19, 1966.
Review Granted June 16, 1966.

Lesher, Scruggs, Rucker, Kimble & Lindamood, by D. Thompson Slutes, Tucson, for appellants.

Herbert B. Finn, Stephen T. Meadow, Phoenix, for appellees.

JACK L. OGG, Superior Court Judge.

The Appellants, Tyler D. Goodman and Joyce F. Goodman, husband and wife, and John M. Tollefson and Marjorie H. Tollefson, husband and wife, sold certain real property in Coconino County to the Appellee Newzona Investment Co., Inc. under a trust agreement wherein Appellee Northern Arizona Title Company acted as trustee. Under this real estate trust agreement the title company was to collect yearly installment payments from the buyer Newzona for the benefit of the sellers Goodman and Tollefson. This trust agreement contained a clause giving Newzona the right to secure the release of land from the trust in ten acre parcels upon the payment to the title company of a sum equal to $65.00 per acre for all property released.

Since this case turns on the proper interpretation of this trust clause as related to the fact situation, it is important to note the exact wording as set forth in the trust, which reads as follows:

"It is expressly agreed however, that SECOND BENEFICIARY [buyers] may procure the release of portions of said property in amounts of not less than ten acres *at any time* from the interest of FIRST BENEFICIARIES [sellers] hereunder upon payment to the Trustee of a sum Equal to $65.00 per acre for all property so released, to be paid in full at the time of execution by the Trustee of any conveyances or Agreements for Sale of such property." (Emphasis supplied)

The trust agreement provided for a down payment of $16,588 and for regular annual payments of $4061.20 payable on July 1 of each year. Newzona made the down payment and the payments due on July 1, 1962 and July 1, 1963, but failed to make the payment due on July 1, 1964. Newzona never made or tendered this payment.

Newzona had never exercised the right to have land released for the payments made in 1962 and 1963 and on August 20, 1964, Newzona had the Title Company deed certain trust property to Newzona based upon the payments made in 1962 and 1963.

The Appellants, Goodman and Tollefson, then filed suit in the Superior Court of Coconino County asking the court to declare the deed transfer from the Trustee Title Company to Newzona void. The trial court, upon proper motion, dismissed this complaint and this appeal was filed.

The single question presented to this court is whether or not Newzona was entitled to have any property released from the trust based on annual payments previously made at a time when it was in default for failing to make the third annual payment.

Appellants (Sellers) agree that Newzona (Buyer) was in full compliance with the contract at the time it made the 1962 and 1963 payments, but Appellants rely upon the following clause in the trust agreement to nullify any releases of land made by the trustee:

"Time is of the essence of this Agreement and of each and every term and condition herein, and full performance by the SECOND BENEFICIARY (Buyer) of all of its obligations hereunder is and shall be a condition precedent to its right to have a conveyance of the lots held hereunder and its rights to have performance hereof."

Standing alone this is very persuasive, but when placed in context with the entire agreement and after an analysis of the trust in operation, the reasonable and equitable interpretation is that when the 1962 and 1963 payments were made, the buyers were at those times in full compliance

with the contract and acquired vested rights for the release of land.

Neither of the parties nor the court has found a case dealing with a subdivision trust similar to the one under consideration. The principal cases cited to the court of Bradbury v. Thomas, 135 Cal.App. 435, 27 P.2d 402 (1933) and Sacramento Suburban Fruit Lands Co. v. Whaley, 50 Cal. App. 125, 194 P. 1054 (1920), involve a mortgagor's right to have lands released from a mortgage lien, where the mortgagor has signed a note for the price of the entire tract of land and given a mortgage covering the entire tract. These principles of mortgage law are not controlling when interpreting this subdivision trust contract. This contract is more closely analogous to a series of successive options to buy certain portions of a tract of land with each successive payment entitling the buyers to a separate deed. This contract provided that all land released must be contiguous and follow a definite pattern; that each annual payment would entitle the buyers to a separate deed and that in the event of a default the sellers would not have the right to a specific performance of the entire contract. This contract clearly indicates the parties contemplated a severable contract which could be partially performed without penalty or damages to either party. To find the law applicable to this contract we must turn to general principles of contract law. In Volume 17A C.J.S. Contracts § 334, the page 311 headnote reads as follows:

"A frequent test of the divisibility of a contract is the character of the consideration as entire or divisible, that is, whether the consideration is or is not expressly or by implication apportioned."

The Restatement Of The Law Of Contracts discusses this general type of contract as follows:

"§ 268. WHEN PARTIAL PERFORMANCES ARE CONCURRENTLY CONDITIONED * * *

(2) If a party has received all or substantially all the agreed exchange for a performance promised by him, his duty to render that performance is not conditional upon any further performance by the other party, except when it is expressly so provided."

See also Section 272. As stated in 17 Am.Jur.2d, Contracts, Section 252 at pages 645–646:

"The construction of a written contract or any other instrument should be broad enough to allow it to operate fairly and justly under all the conditions to which it may apply, and a court will not place an unjust construction upon a contract unless it is compelled to do so by the terms of the instrument. A construction which is just and fair to both parties will be preferred to one which is unjust or unfair, and a contract will not be construed so as to render it oppressive or inequitable as to either party, or so as to place one of the parties at the mercy of the other, unless it is clear that such was their intention at the time the contract was made."

We find under the trust provisions and the law in this case that a reasonable and timely request was made to the trustee for the release of the land paid for by the 1962 and 1963 payments and that the trustee properly deeded the land out of the trust.

The Appellees further argue that Appellants failed to give proper notice of forfeiture and also that no forfeiture could be declared until after the expiration of the time period set up in Arizona Revised Statutes 33–741. This Court is of the opinion these arguments go mainly to the time within which Newzona had to remedy any default in the 1964 payment and that this case should be decided upon the contract principles that have been set out in this opinion.

Judgment affirmed.

STEVENS, C. J., and DONOFRIO, J., concur.

NOTE: Judge JAMES DUKE CAMERON having requested that he be relieved from the consideration of this matter, Superior Court Judge JACK L. OGG was called to sit in his stead and participate in the decision of this cause.